UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-138-FDW

| | |
|---|---|
| JOHN LAMAR BERRYMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF PUBLIC SAFETY, et al., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On October 9, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 8). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff John Lamar Berryman is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on July 13, 2015, pursuant to 42 U.S.C. § 1983, naming the following entities and persons as Defendants: (1) North Carolina Department of Public Safety; (2) George T. Solomon, Director of Prisons, North Carolina Department of Public Safety; (3) Robert Lewis, former Director of Prisons, North Carolina Department of Public Safety; (4) Mike Ball, Superintendent, Alexander Correctional Institution; (5) FNU Reid, identified as an officer at Alexander; (6) FNU Mosters, identified as a lieutenant at Alexander; (7) FNU Dalton, identified as a sergeant at

1

Alexander; (8) FNU Stewart, identified as a sergeant at Alexander; and (9) Bruce Pittman, identified as a Unit Manager at Alexander.

Plaintiff alleges that Defendants failed to protect him from a substantial risk of harm—an assault with a padlock—in the prison. Specifically, Plaintiff alleges that on December 21, 2011, another inmate attacked and injured Plaintiff, using a padlock as a weapon. (Doc. No. 1 at 3). Plaintiff alleges that he told Defendant Reid before the attack that the inmate had threatened to attack Plaintiff but that Defendant Reid did nothing to stop the attack. Plaintiff also alleges that Defendant Reid was present during the attack and that he did nothing to stop it. Plaintiff also alleges that the other Defendants were negligent based on their failure to properly train Reid, and for continuing to allow padlocks in the prisons. Finally, Plaintiff alleges that the North Carolina Department of Public Safety's policy of allowing padlocks in its prisons creates a substantial or pervasive risk of harm to its inmates because, according to Plaintiff, inmates often use padlocks as weapons. (Id. at 3-4). As relief, Plaintiff seeks compensatory damages as well as injunctive relief in the form of an order by this Court requiring the North Carolina Department of Public Safety to remove padlocks from its prisons.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

2

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.    DISCUSSION

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect an inmate from violence by other inmates, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 833-37.

At the outset, the Court notes that, on the face of the Complaint, it appears that Plaintiff's failure to protect claim against all of the Defendants is barred by the applicable statute of limitations. That is, the applicable statute of limitations for Plaintiff's failure to protect claim is three years. See Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991) (holding that N.C. GEN. STAT. 1-52 applies to Section 1983 claims). By his own allegations,

3

Plaintiff was attacked with a padlock on December 21, 2011. Plaintiff states in his Complaint that his "bodily harm became apparent on 1-8-13, upon diagnosis." (Doc. No. 1 at 4). However, Plaintiff's claim appears to have accrued on December 21, 2011, the date of his attack and the date when he was first on notice that Defendant Reid allegedly failed to protect Plaintiff from the attack by the other inmate.

This Court previously entered an order requiring service on Defendant Reid only, to give Defendant Reid the opportunity to address whether Plaintiff's action is barred by the applicable statute of limitations.[1] Unfortunately, the summons was returned as unexecuted as to Defendant Reid. Therefore, service of summons shall be made as to the remaining Defendants that have not yet been served.

**IV. CONCLUSION**

For the reasons stated herein, the Court will direct service of summons on all Defendants, with the exception of Defendant Reid, as service has already been attempted as to him.

**IT IS THEREFORE ORDERED** that:

1. The Clerk shall send Plaintiff summons forms to fill out and return to the Court so that service may be made on Defendants, with the exception of Defendant FNU Reid. **Plaintiff shall return the completed summons forms to the Clerk within 20 days of service of this order. Failure by Plaintiff to complete said summons properly, including by providing addresses suitable for service, or to return the properly completed summons as directed will result in dismissal of this action pursuant to Fed. R. Civ. P.**

---

[1] The Court notes that Plaintiff states in the Complaint that he has already filed an action against Defendants based on the events giving rise to the claims here, and that the action is pending in the North Carolina Industrial Commission. (Doc. No. 1 at 1). Thus, Defendants may file a motion to stay this action if it appears that a stay is appropriate.

**4(m)**.

2. Once the Court receives the summons forms from Plaintiff, the Court will provide the form to the U.S. Marshal for service on Defendants. The U.S. Marshal shall then effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

_____
Frank D. Whitney
Chief United States District Judge