UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-138-FDW

| | |
|---|---|
| JOHN LAMAR BERRYMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff John Lamar Berryman is a prisoner of the State of North Carolina, currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. Plaintiff filed this action on July 13, 2015, pursuant to 42 U.S.C. § 1983, naming the following entities and persons as Defendants: (1) North Carolina Department of Public Safety; (2) George T. Solomon, Director of Prisons, North Carolina Department of Public Safety; (3) Robert Lewis, former Director of Prisons, North Carolina Department of Public Safety; (4) Mike Ball, Superintendent, Alexander Correctional Institution; (5) FNU Reid, identified as an officer at Alexander; (6) FNU Mosters, identified as a lieutenant at Alexander; (7) FNU Dalton, identified as a sergeant at Alexander; (8) FNU Stewart, identified as a sergeant at Alexander; and (9) Bruce Pittman, identified as a Unit Manager at Alexander. Plaintiff alleges that Defendants failed to protect him from a substantial risk of harm—an assault with a padlock—while he was incarcerated at Alexander.

Following initial review by the Court, Plaintiff submitted a summons form for service by

1

the U.S. Marshal, providing the following address for Defendant Robert Lewis, former Director of Prisons for the North Carolina Department of Public Safety: 831 W. Morgan St., Raleigh, NC 27699. On April 13, 2016, the U.S. Marshal returned as unexecuted a summons form, indicating that Defendant Lewis is no longer employed with the North Carolina Department of Public Safety. See (Doc. No. 26 at 1).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Robert Lewis.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Lewis. If the U.S. Marshal is unable to locate and obtain and service on Defendant Lewis within this time period, the U.S. Marshal

2

shall inform the Court of the efforts taken to locate and serve Defendant Lewis.

(2)  The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge