UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-138-FDW

| | |
|---|---|
| JOHN LAMAR BERRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss for Failure to State a Claim by Defendants Mike Ball, FNU Dalton, FNU Masters, North Carolina Department of Public Safety, Bruce Pittman, George T. Solomon, and FNU Stewart, (Doc. No. 29), and on a Motion to Dismiss by Defendant Robert Lewis, (Doc. No. 37).

### I. BACKGROUND

Pro se Plaintiff John Berryman, a state court inmate previously incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on July 13, 2015, pursuant to 42 U.S.C. § 1983, naming the following entities and persons as Defendants: (1) North Carolina Department of Public Safety; (2) George T. Solomon, Director of Prisons, North Carolina Department of Public Safety; (3) Robert Lewis, former Director of Prisons, North Carolina Department of Public Safety; (4) Mike Ball, Superintendent, Alexander Correctional Institution; (5) FNU Reid, identified as an officer at Alexander; (6) FNU Mosters, identified as a lieutenant at Alexander; (7) FNU Dalton, identified as a sergeant at Alexander; (8) FNU Stewart, identified as a sergeant at Alexander; and (9) Bruce Pittman, identified as a unit manager at Alexander.

1

Plaintiff alleges that Defendants failed to protect him from a substantial risk of harm—an assault with a padlock—while he was incarcerated at Alexander. Specifically, Plaintiff alleges that on December 21, 2011, another inmate attacked and injured Plaintiff, using a padlock as a weapon. (Doc. No. 1 at 3). Plaintiff alleges that he told Defendant Reid before the attack that the inmate had threatened to attack Plaintiff but that Defendant Reid did nothing to prevent the attack. Plaintiff also alleges that Defendant Reid was present during the attack and that he did nothing to stop it while it was happening. More specifically, Plaintiff alleges:

> On 12-21-11 @ 4:45 pm I was attacked and assaulted by another inmate who used a pad lock as a deadly weapon (Master Five). While Officer Reid who was officer in charge watched and only sat back down propped his feet back up and continued to read his newspaper on that same day I had approached Officer Reid and described to him what I thought was the fact that I was in immediate danger his response was "stop being a pussy and get back to your dorm." Later the same day I was attacked and assaulted by inmate Leonard Baldwin, who used a padlock as a deadly weapon, to seriously injure me. Officer Reid's failure to protect due to the substantial risk of serious harm, with his knowledge of risk, he did nothing to deter or prevent/protect while the state's failure to control weapons even after the repetitious use of the padlocks as a deadly weapon, inflicting serious injuries to many other inmates including myself.

(Id.).

Plaintiff also alleges that the other Defendants were negligent based on their failure to properly train Defendant Reid, and for continuing to allow padlocks in the state's prisons. (Id. at 3-4). Plaintiff seeks compensatory damages and injunctive relief. On May 11, 2016, Defendants Mike Ball, FNU Dalton, FNU Masters, North Carolina Department of Public Safety, Bruce Pittman, George T. Solomon, and FNU Stewart filed a motion to dismiss. (Doc. No. 29). On the same day, the Court entered an order granting Plaintiff fourteen days in which to file a response to the motion to dismiss. (Doc. No. 31). On June 9, 2016, Defendant Robert Lewis filed his own motion to dismiss. (Doc. No. 37). On June 10, 2016, the Court entered an order granting Plaintiff fourteen days in which to file a response to the motion to dismiss. (Doc. No. 39). Plaintiff

has not responded to either motion to dismiss.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

## III. DISCUSSION

In their motions and supporting memoranda, Defendants first contend that Plaintiff's claims are barred by the applicable statute of limitations. The Court agrees. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)); see also Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. GEN. STAT. § 1-52(16). Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when

plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

As Defendants note, the incident giving rise to Plaintiff's claims against Defendants occurred on December 21, 2011, when Plaintiff was allegedly assaulted by another inmate with a padlock after Plaintiff told Defendant Reid that he was in danger of being attacked.[1] Plaintiff did not file his Complaint in this action until well over three years later, on July 13, 2015. (Id. at 1). Plaintiff would have, or should have, discovered the facts forming the basis of his claim for failure to protect against Defendant Reid, and his negligence claim against the remaining Defendants, on December 21, 2011, when he was attacked by the other inmate. Therefore, Plaintiff's claims are barred by the applicable three-year statute of limitations, and the Court will grant Defendants' motions to dismiss. Because the Complaint is being dismissed as barred by the applicable statute of limitations, the Court does not address the moving Defendants' alternative grounds for dismissal.

The Court notes that, as to the only remaining Defendant in this action—Defendant Reid—he has not been served with process, as the U.S. Marshal returned the summons as unexecuted. (Doc. No. 11). In any event, dismissal as to Defendant Reid is also appropriate

---

[1] The Court notes that Plaintiff states in his Complaint that his "bodily harm became apparent on 1-8-13, upon diagnosis," but he provides no further facts indicating the significance of this date. (Doc. No. 1 at 4). In any event, Plaintiff's claim against Defendants based on their failure to protect Plaintiff from an attack by another inmate would have accrued on December 21, 2011—the date of the attack.

4

because Plaintiff's action against Defendant Reid is likewise barred by the applicable statute of limitations. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding that, where the court grants a motion to dismiss as to one defendant, the court may dismiss claims against non-moving defendants "in a position similar to that of moving defendants").

Finally, the Court notes that, even if this action were not being dismissed as barred by the applicable statute of limitations, dismissal would also be appropriate based on Plaintiff's failure to prosecute this action. See FED. R. CIV. P. 41(b). That is, Plaintiff did not file a response in opposition to either motion to dismiss; thus, he is deemed to have abandoned his claims.[2] Furthermore, the Court's Roseboro notice that was mailed to Plaintiff's address of record—Pender Correctional Institution—was returned to this Court as undeliverable on June 27, 2016. (Doc. No. 40). Plaintiff has a duty to inform the Court of any address changes, and his failure to do so subjects him to dismissal for lack of prosecution. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendants' motions to dismiss and dismiss Plaintiff's action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss, (Doc. Nos. 29; 37), are **GRANTED**, and this action is dismissed with prejudice.

---

[2] Plaintiff sought and received an extension of time to file a response to the first motion to dismiss, but he never filed a response after receiving the extension of time. See (Doc. Nos. 34; 35).

2.          The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge